UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

REGINALD T. HANNAH, #04R2290,

    Plaintiff,

-v-                                    08-CV-0116F

ADMINISTRATIVE LAW JUDGE MELISSA DAVIS,    **ORDER**
individually and in her official capacity,

    Defendant.

---

Plaintiff, who is currently incarcerated at the Southport Correctional Facility Correctional Facility, has brought this action under 42 U.S.C. § 1983, and has requested permission to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) and filed a Prison Authorization. He alleges that defendant, Melissa Davis, an Administrative Law Judge for the New York State Division of Parole at the Five Points Correctional Facility, unlawfully revoked his parole in February 2005 following a final parole revocation hearing held at Five Points while he was incarcerated there. Specifically, plaintiff claims that Davis failed to follow the proper procedures and standard when determining whether to revoke his parole and therefore violated his rights to due process. (Docket No. 1). Plaintiff is currently serving a 36 month sentence as a result of the parole revocation and seeks injunctive and declaratory relief restoring him back to parole supervision. For the following reasons, plaintiff's request to proceed as a poor

person is granted and the complaint is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, because it is barred by the favorable termination rule of Heck v. Humphrey, 512 U.S. 477 (1994).[1]

**DISCUSSION**

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to this action, plaintiff is granted permission to proceed *in forma pauperis*. Sections 1915(e)(2)(B) and 1915A(a) of 28 U.S.C. require the Court to conduct an initial screening of this complaint. In evaluating the complaint, the Court must accept as true all of the factual allegations and must draw all inferences in plaintiff's favor. See Larkin v. Savage, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); King v. Simpson, 189 F.3d 284, 287 (2d Cir. 1999). "To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" ATSI Communications, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, --- U.S. ----, ----, 127

---

[1] Plaintiff had filed previously an action against the Superintendent at the Willard Drug Treatment Facility and parole officers at Willard alleging that they had unlawfully forced him to sign a document which led to his sentence at Willard being extended and that during this extended sentence he was charged with the parole violation at issue herein. He claims that as a result of the parole violation he was unlawfully being forced to serve the aforementioned 36 month sentence. The Court dismissed the complaint, pursuant to 28 U.S.C. § § 1915(e)(2)(B)(ii) and 1915A(b), on the basis that the "sole federal remedy" for a constitutional challenge to a determination which affects the overall length of one's imprisonment is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); *see also Heck*, 512 U.S. at 486-87. (Hannah v. Williams, et al., 07-CV-0635F, Docket No. 4, Order).

S.Ct. 1955, 1965 (2007). "The settled rule is that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004) (citations and internal quotation marks omitted) (applying both §§ 1915 and 1915A). Based on its evaluation of the complaint, the Court finds that plaintiff's claims must be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b) because they fail to state a claim upon which relief may be granted, and leave to file an amended complaint would be futile. See Ruffolo v. Oppenheimer & Co., 987 F.2d 129, 131 (2d Cir. 1993) (per curiam).

It is well settled that when a litigant makes a constitutional challenge to a determination which affects the overall length of his imprisonment, the "sole federal remedy is a writ of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S.Ct. 1827, 1841, 36 L.Ed.2d 439 (1973). See also Nelson v. Campbell, 541 U.S. 637, 643 (2004) ("[Section] 1983 must yield to the more specific federal habeas statute, with its attendant procedural and exhaustion requirements, where an inmate seeks injunctive relief challenging the fact of his conviction or the duration of his sentence. Such claims fall within the 'core' of habeas corpus and are thus not cognizable when brought pursuant to § 1983.") (citing Preiser, 411 U.S. at 489).

In Heck, the United States Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254."

512 U.S. at 486-87.

Heck and its "favorable termination" rule applies to Section 1983 actions that challenge the fact or duration of confinement based on the revocation of parole; the very issue present herein. See, e.g., Bratton v. New York State Div. of Parole, 2006 WL 2792743 (N.D.N.Y. 2006) (District courts have applied the Heck holding to section 1983 lawsuits based on the revocation of parole) (citation omitted); Harris v. New York, 2003 WL 554745 at * 3 (S.D.N.Y. 2003); Davis v. Cotov, 214 F.Supp. 310, 316 (E.D.N.Y.2002) (collecting cases); Dallas v. Goldberg, 143 F.Supp.2d 312, 322 (S.D.N.Y.2001), *decision modified on different grounds*, 2002 WL 1013291, at ** 9-10 (S.D.N.Y. 2002).[2] Because plaintiff has not alleged--and, in fact, alleges that he is still incarcerated as a result of the parole revocation determination at issue--that he has succeeded in establishing the invalidity of his

---

[2] The district court modified its earlier decision that Heck barred the plaintiff's claims relating to his incarceration upon the revocation of parole because the plaintiff had been released from custody and thus habeas corpus relief was not available to him. Dallas, 2002 WL 1013291, at ** 9-10 (citing Huang v. Johnson, 251 F.3d 65 (2d Cir.2001).

4

parole revocation, his claims are barred under Heck. See Davis, 214 F.Supp.2d at 316 (plaintiff's claim that his parole revocation was the result of inadequate parole revocation proceedings is barred under Heck).

Accordingly, plaintiff's claims are barred by Heck because he has not established that his parole revocation has been invalidated.

## CONCLUSION

Plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to the filing fee. Accordingly, plaintiff's request to proceed *in forma pauperis* is granted and, for the reasons discussed above, the complaint is dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A. Plaintiff is forewarned that his right to pursue further relief in federal court at public expense will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. See 28 U.S.C. § 1915(g).

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied. Coppedge v. United States, 369 U.S. 438 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the

Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

## ORDER

IT HEREBY IS ORDERED, that plaintiff's request to proceed *in forma pauperis* is granted;

FURTHER, that the complaint is dismissed; and

FURTHER, that leave to appeal to the Court of Appeals as a poor person is denied.

**SO ORDERED.**

s/Michael A. Telesca
MICHAEL A. TELESCA
United States District Judge

Dated:   February 20, 2008
         Rochester, New York